UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AGRIMAX INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, N.A.,<br><br>Defendant. | CASE NO. C13-0976JLR<br><br>ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT |

Before the court is HSBC Bank USA, N.A.'s ("HSBC") unopposed motion for summary judgment. (Mot. (Dkt. # 11).) HSBC argues that all of Plaintiff Agrimax International, LLC's ("Agrimax") claims are time-barred and suffer from numerous other fatal flaws. (*See id.*) Agrimax has filed no response to HSBC's motion. (*See* Dkt.) Under Western District of Washington Local Rule CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2). However, this rule has limits in the summary judgment context. The Ninth Circuit has held that "a

ORDER- 1

non-moving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P. 56). Accordingly, notwithstanding Local Rule CR 7(b)(2), HSBC must demonstrate that the relief it seeks is warranted.

HSBC has done so. HSBC has presented a clear, cogent legal argument for why Agrimax's claims are time-barred, as well as a substantial amount of summary judgment evidence supporting its factual claims. In short, HSBC has met its burden of demonstrating that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.

Agrimax's claims are related to funds transfers. Agrimax had a business bank account with HSBC that Agrimax used to make payments related to its agricultural brokerage business. (Compl. ¶¶ 3.1-3.2.) In late 2010 and early 2011, an Agrimax employee named Marie Zou used the HSBC account to transfer $1,319,705.00 to a company referred to as "the Scramble Group." (Compl. ¶¶ 3.4-3.5.) Evidently, Ms. Zou was supposed to transfer the funds to another company instead. (*See id.*) On April 25, 2013, Agrimax filed this complaint alleging breach of contract and negligence in connection with the transfers, despite the fact that its own employee, Ms. Zou, appears to have made the transfers. (*See generally* Compl.)

HSBC points out that these claims are time-barred for two different reasons. First, the banking contract between HSBC and Agrimax contains a one-year limitation on claims made against HSBC:

ORDER- 2

> You agree to make any claim or bring any legal action relating to the Bank's handling of your account, in writing, within one (1) year of the date the problem occurred, unless these Rules or applicable law or regulation require earlier action by you.

(Wang Decl. (Dkt. # 13-8) Ex. G at 34.) Second, the transactions at issue are governed by the Uniform Commercial Code,[1] which provides the exclusive remedy for Agrimax's alleged harms and has a one-year limitations period on claims of this nature. (*See* Mot. at 12-15 (detailing the relevant law).) More than a year passed between the final relevant transfer, in June 2011, and the first event that could be even remotely construed as an assertion of claims against HSBC, in December 2012. (Nicholson Decl. (Dkt. # 13) Exs. 1, 6; Wang Decl. ¶ 7, Ex. F.) As such, all of Agrimax's claims are time-barred.

Agrimax does not oppose this motion on a factual basis, nor does it dispute the governing law. The court has examined both and has determined that HSBC is indeed entitled to the relief it requests. Accordingly, the court finds that HSBC has met its summary judgment burden and GRANTS HSBC's motion for summary judgment (Dkt. # 11).

Dated this 25th day of April, 2014.

JAMES L. ROBART
United States District Judge

---

[1] The New York version of the Uniform Commercial Code appears to apply, rather than Washington's, but it does not matter because the two are identical with respect to the relevant provisions. *Compare, e.g.*, RCW 62A.4A-102, 505 *with* NY CLS UCC 4-A-102, 505; *see also* RCW 62A.4A-507, NY CLS UCC 4-A-507 (choice of law provisions).

ORDER- 3